[823 NYS2d 425]

In the Matter of DEBORAH RUBIN (Admitted as DEBORAH L. RUBIN), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, October 10, 2006

**APPEARANCES OF COUNSEL**

*Gary L. Casella,* White Plains (*Antonia Cipollone* of counsel), for petitioner.

## OPINION OF THE COURT

Per Curiam.

The Grievance Committee learned, during the course of its investigation into the respondent's failure to maintain her attorney registration, that the Supreme Court of Florida had issued an order, dated July 10, 2003, disbarring the respondent from the practice of law in that state. The Florida disbarment is predicated upon the uncontested report of a Special Referee, who recommended that the respondent be disbarred, that she make restitution in the sum of $9,608.50 to client Louis Mancino, and that she incur the bar's costs in the disciplinary proceeding.

The petitioner caused the respondent to be personally served with a notice pursuant to 22 NYCRR 691.3 informing her of her right to raise any of the defenses to the imposition of reciprocal discipline enumerated in 22 NYCRR 691.3 (c).

The potential defenses available to her are that the procedure in the foreign jurisdiction was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process, that there was such an infirmity of proof establishing the misconduct as to give rise to the clear conviction that the court could not, consistent with its duties, accept as final the finding of the court in the foreign jurisdiction, or that the imposition of discipline by this Court would be unjust. The respondent was also advised of her right, within 20 days of service of the notice, to file a verified statement setting forth any of the defenses to the charges which led to her suspension as enumerated in 22 NYCRR 691.3 (c).

The respondent was the subject of a complaint before the Supreme Court of Florida containing three counts of professional misconduct. With respect to count one, state bar auditor William Luongo conducted a review of the respondent's trust account as a result of the bar learning that the respondent had filed for bankruptcy. The respondent did not notify the Florida bar that she was closing her office or entering a residential treatment facility for her chemical dependency. As a result of the respondent's failure to provide records, the Florida bar subpoenaed records from Washington Mutual Bank. The respondent's friend, Steven Waterbury, allowed the Florida bar to search through business records at the respondent's residence. The material at the residence consisted primarily of old client files and a few older bank statements. The bank records revealed ongoing shortages in the trust account throughout the audit period.

During the audit period, the respondent wrote 10 checks payable to herself and made ATM withdrawals totaling $2,213.18 with no nexus to case or matter indicated. The auditor found that the respondent commingled her funds with client funds and conducted personal business from the account.

Count two emanated from the respondent's retainer by Louis D. Mancino to handle an estate matter in or about November 2000. After depositing the sum of $30,915.30 into her trust account to be held for the estate, the respondent disbursed checks totaling $11,000 to Mr. Mancino. On or about July 13, 2001, the respondent informed Mr. Mancino that she was closing her practice temporarily and that another attorney would be taking over some of her files. The respondent did not forward the monies in trust to the new attorney. On or about May 24, 2002, the respondent forwarded to Mr. Mancino the sum of $10,306.80 from the proceeds of the sale of her home. It appears that $9,608.50 was still due to Mr. Mancino.

Count three emanated from the respondent's retainer by Ruby M. Robinson to probate the estate of her late husband. After the respondent filed a petition for administration, the estate lingered. Upon notification from the Circuit Court of Palm Beach County on or about September 15, 2001, that her husband's estate was not properly probated, Mrs. Robinson attempted to contact the respondent and learned that she had closed her practice. She was forced to hire another attorney to properly probate the estate. The respondent failed to account for the funds she had received to probate the estate.

Although personally served with the notice pursuant to 22 NYCRR 691.3 at her residence in Delray Beach, Florida, on April 24, 2006, the respondent has failed to file a verified statement setting forth any defenses to the imposition of reciprocal discipline or to demand a hearing. Accordingly, there is no impediment to the imposition of reciprocal discipline at the juncture.

Inasmuch as the respondent has not asserted any of the enumerated defenses or requested a hearing prior to the imposition of reciprocal discipline upon her, there is no impediment to the imposition of reciprocal discipline upon her in New York at this juncture. Accordingly, the petitioner's motion for the imposition of reciprocal discipline is granted and, effective immediately, the respondent is disbarred in New York based upon her disbarment by the Supreme Court of Florida.

PRUDENTI, P.J., FLORIO, MILLER, SCHMIDT and MASTRO, JJ., concur.

Ordered that the petitioner's motion is granted; and it is further,

Ordered that pursuant to 22 NYCRR 691.3, effective immediately, the respondent, Deborah Rubin, admitted as Deborah L. Rubin, is disbarred, and her name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent, Deborah Rubin, admitted as Deborah L. Rubin, shall promptly comply with this Court's rules governing the conduct of disbarred, suspended and resigned attorneys (see 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Deborah Rubin, admitted as Deborah L. Rubin, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding herself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Deborah Rubin, admitted as Deborah L. Rubin, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in her affidavit of compliance pursuant to 22 NYCRR 691.10 (f).